Filed 5/22/24  P. v. Jones CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JERMAINE JONES,<br><br>        Defendant and Appellant. | A169336<br><br>(San Mateo County<br>Super. Ct. No. SC081953A) |

Defendant Jermaine Jones appeals from the summary denial of his petition for resentencing under Penal Code former section 1170.95, now section 1172.6.[1]  His counsel filed a brief asking us to follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and defendant filed a supplemental brief.  We affirm.

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6. (Stats. 2022, ch. 58, § 10.)  Although defendant filed his petition under former section 1170.95, we cite to section 1172.6 for consistency's sake.

1

## BACKGROUND

**The Underlying Convictions[2]**

On October 16, 2014, an amended indictment was filed charging defendant with the murder of Carl Purvis, Jr. (§ 187) (count 1), shooting at an occupied vehicle (§ 246) (count 2), and possessing a firearm as a felon (§ 29800, subd. (a)(1)) (count 3). With respect to count 1, the indictment alleged the special circumstance that defendant intentionally murdered Purvis by shooting a firearm from a motor vehicle (§§ 190, subd. (d), 190.2, subd. (a)(21)) and that defendant personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). The indictment also alleged a prior serious felony conviction (§§ 667, subd. (a), 1170.12, subd. (c)(1)), and three prior prison terms (§ 667.5, subd. (b)). (*Jones*, *supra*, A155649.)

Trial took place in February and March of 2018. As to count 1, "the prosecution argued that [defendant] was guilty of first-degree murder under two theories—that he premeditated and deliberated before shooting Purvis, and that he committed the murder by shooting a firearm from a motor vehicle. (See § 189, subd. (a).)" (*Jones*, *supra*, A155649.) The trial court instructed the jury that to find defendant guilty of first degree murder, the People had to prove the elements of either premeditated murder or murder by shooting a firearm from a motor vehicle.

On March 9, 2018, the jury found defendant guilty of first degree murder in count 1 and the remaining charges. It also found true the firearm enhancement and drive-by special circumstance allegations. On August 31,

---

[2] Because the facts underlying defendant's convictions are not pertinent to our disposition, we recount only the procedural history of the case through defendant's direct appeal, drawing largely from our prior opinion in *People v. Jones* (Nov. 10, 2020, as modified on denial of rehearing on Dec. 2, 2020, A155649) (nonpub. opn.) (*Jones*).

2

the trial court found true the prior conviction allegations.  (*Jones*, *supra*, A155649.)

On October 19, the trial court sentenced defendant to life without possibility of parole, plus 34 years to life.  (*Jones*, *supra*, A155649.)

Defendant appealed, and in 2020 this court affirmed the judgment of conviction.  (*Jones*, *supra*, A155649.)

**The Petition for Resentencing**

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended sections 188 and 189 to "eliminate[ ] natural and probable consequences liability for murder as it applies to aiding and abetting, and limit[ ] the scope of the felony-murder rule."  (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*), citing §§ 188, subd. (a)(3), 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 2, 3.)  Senate Bill No. 1437 also added what is now section 1172.6, which provides a procedure for persons convicted of felony murder, or murder under the natural and probable consequences doctrine, to seek retroactive relief under amended sections 188 and 189, as amended effective January 1, 2019.  (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)  That procedure now extends to those convicted under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime."  (§ 1172.6, subd. (a); see Stats. 2021, ch. 551, § 2.)

On January 9, 2023, defendant filed a form petition for resentencing under section 1172.6.  His petition alleged (1) he was charged under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime; (2) he was convicted of murder following a trial; and (3) he could not now be convicted of murder

3

because of changes made to sections 188 and 189, effective January 1, 2019.

On January 12, defendant filed another petition that was nearly identical to the first, except that the second petition additionally checked the box stating that he was requesting the appointment of counsel. The trial court and the parties apparently treated both petitions as one. We do so as well and refer to both petitions, collectively, as the "petition."

After counsel was appointed for defendant, the People filed an opposition to the petition. In support, they relied on, and requested judicial notice of, the amended indictment, the signed verdict forms and jury instructions from defendant's 2018 trial, the abstract of judgment, and this court's prior opinion. Defendant filed a response, incorporating the exhibits attached to the People's request for judicial notice.

On September 28, the trial court held a hearing at which the parties relied on their submitted briefs and attached documents, and presented argument. Following this argument, the trial court found defendant failed to make a prima facie showing that he was entitled to relief and denied the petition.[3]

Defendant appealed, and this court appointed counsel to represent him.

## DISCUSSION

As noted, appellate counsel filed a brief asking us to follow the procedures set forth in *Delgadillo*, *supra*, 14 Cal.5th 216. Where, as here, counsel finds no arguable issues in an appeal from the denial of a section 1172.6 petition, we are not required, but may exercise our discretion, to conduct an independent review of the record in the manner prescribed in *People v. Wende* (1979) 25 Cal.3d 436. (See *Delgadillo*, at pp. 226–231.) We give the defendant the opportunity to file his or her own supplemental brief

---

[3] The trial court did not rule on the People's request for judicial notice.

4

and we then evaluate any specific arguments raised. (*Id.* at pp. 231–232.)

In compliance with *Delgadillo*, we notified defendant of his right to file a supplemental brief, and he has done so. He has also filed a motion to replace his appointed appellate counsel. We address each in turn.

Defendant's 26-page, handwritten supplemental brief contains long, rambling claims that are difficult to follow and/or unsupported by legal or factual analysis. In the more discernible parts of his brief, he argues he was denied a fair trial in various respects. For example, he argues he received ineffective assistance from his trial counsel because counsel failed to adequately investigate his case, introduce certain evidence, seek removal of a particular juror, and thoroughly examine witnesses. Defendant also accuses the People of introducing "false" evidence. And he complains that the trial court did not conduct a fair and orderly trial and erroneously denied his motions under *People v. Marsden* (1970) 2 Cal.3d 118.

While the brief contains numerous claims, none of them appears to pertain to the order from which he appeals: the order denying his section 1172.6 petition. To the extent defendant challenges various aspects of his trial, a section 1172.6 petition, or an appeal from the denial of such a petition, is not the appropriate vehicle for such challenges; those issues should have been raised in his direct appeal. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [section 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings"]; see also *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and [defendant] cannot use it to resurrect a claim that should have been raised in his [earlier] direct appeal"].) As to defendant's claim of ineffective assistance of trial counsel, the "appropriate means of raising [such

a claim] is either by direct appeal or by petition for a writ of habeas corpus." (*People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477.) Because the issues that defendant raises in his supplemental brief have no bearing on the very narrow scope of a section 1172.6 petition, they are not properly before us, and we do not consider them.

Although defendant's supplemental brief does not address the trial court's order denying his section 1172.6 petition, and although we are not required to do so, we have exercised our discretion to independently review the record as to the petition and found no arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221–222, 232.)

Where, as here, "the trial court receives a [section 1172.6] petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.)

In assessing whether a prima facie showing is made, the trial court may rely on the record of conviction, which "allow[s] the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) That record includes the jury instructions and verdict forms from the petitioner's jury trial. (See *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) While the court may look at the record of conviction, it does not engage in factfinding; instead, it accepts the petition's factual allegations as true and preliminarily assess whether, if proven, they would entitle the petitioner to relief. (*Lewis*, at pp. 971, 972.) Nevertheless, if the record of conviction establishes facts conclusively refuting the petition's allegations, " 'then "the

6

court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

Here, the record of conviction, which includes the jury instructions and verdict forms, conclusively demonstrates defendant is ineligible for relief. The jury found defendant guilty of first degree murder. Before doing so, it was instructed that it could find defendant guilty of first degree murder only under two theories: either (1) willful, deliberate, and premeditated murder or (2) murder by shooting a firearm at another person from a motor vehicle with the intent to kill. These theories remain valid theories of liability under the current murder statutes. (See § 189, subd. (a).) There is no indication that the People advanced on a theory of, or that the trial court instructed the jury on, aiding and abetting, felony murder, the natural and probable consequences doctrine, or imputed malice.[4] Thus, the record establishes that defendant was not and could not have been convicted under a now-invalid theory of murder, and he is therefore ineligible for relief under section 1172.6 as a matter of law. For these reasons, the trial court correctly denied his petition at the prima facie stage. (See *People v. Soto, supra,* 51 Cal.App.5th

---

[4] Although the jury was instructed regarding malice murder under CALCRIM No. 520, which uses the words "natural and probable consequences" in defining implied malice, implied malice and the natural and probable consequences theory are legally distinct concepts. "Whereas implied malice is based on 'the "natural and probable consequences" of a defendant's *own* act,' the natural and probable consequences doctrine was 'a theory of vicarious liability under which "[a]n aider and abettor [was] guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commit[ted] (the nontarget crime).' " (*People v. Rivera* (2021) 62 Cal.App.5th 217, 231–232.) Senate Bill No. 1437 " 'abolished the natural and probable consequences doctrine' as a theory of vicarious liability, [but] 'it maintained the viability of murder convictions based on implied malice, and the definition of implied malice remains unchanged.' " (*People v. Rivera*, at p. 232.)

at p. 1059 [absence of jury instructions on felony murder or the natural and probable consequences doctrine justifies summary denial of petition]; accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

In short, our independent review of the record discloses no arguable issues.

Lastly, we address defendant's motion to replace his appointed appellate counsel, which is premised on counsel filing a *Delgadillo* brief instead of "find[ing] all the mistakes that was [*sic*] done in [defendant's] case." In so arguing, defendant essentially disagrees with his counsel's conclusion that there are no reasonably arguable issues to raise on appeal. But as explained above, we agree with counsel that there were no arguable issues to be briefed. Thus, we see no justification for appointing a new attorney. We therefore deny the motion.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed. Defendant's motion to replace appellate counsel is denied.

_____

Richman, J.

We concur:

_____

Stewart, P. J.

_____

Miller, J.

*People v. Jones* (A169336)

9